IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 250 MR WCM

| | |
|---|---|
| MARCUS HYATT and ASHLEY BARRETT, <br><br>   Plaintiffs, <br><br> V. <br><br> QUENTIN MILLER, in his official capacity as Buncombe County Sheriff; WESTERN SURETY COMPANY; J.D. LAMBERT, individually and officially; JEFF MAY, individually and officially; and KATHERINE LEWIS, individually and officially, <br><br>   Defendants. | ORDER |

This matter is before the Court on Plaintiff Marcus Hyatt's Motion to Amend the Second Amended Complaint (Doc. 51)("Motion to Amend"). Defendants have filed a response in opposition and Plaintiff has replied. See Docs. 52, 53 & 56.

I. **Proposed Amendment**

This action arises out of separate traffic stops, searches, and/or detentions of Plaintiffs on January 20, 2018 by Defendants Lambert, May, and Lewis, who are Buncombe County Sheriff's Deputies. Plaintiffs allege multiple

1

state and federal claims in connection with those interactions. See Pl.'s Second Am. Compl. (Doc. 40).

Through the Motion to Amend, Plaintiffs seek leave to file a proposed Third Amended Complaint which adds a new claim pursuant to 42 U.S.C. § 1983 for violations of Plaintiff Hyatt's rights under the Fourth Amendment, in particular, that he was subjected to a sexually invasive search. Plaintiffs represent that the addition of this claim "is the substantive difference between the Second Amended Complaint and the proposed Third Amended Complaint." Doc. 51, p. 2.

## II. Legal Standard

Amendments sought pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure are allowed with the opposing party's written consent or leave of court, which leave should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2); United States v. ex rel. Nathan v. Takeda Pharms. N. Am., Inc., 707 F.3d 451, 461 (4th Cir. 2013). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

III. Discussion

As noted, Plaintiff's proposed new claim is based on the same facts alleged in the Second Amended Complaint. Defendants argue that the Motion to Amend is untimely and prejudicial, and therefore should be denied.

"Delay alone ... without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice" as a reason for denying a motion to amend. Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), cert. denied, 448 U.S. 911 (1980); see also Edwards v. City of Goldsboro, et al., 178 F.3d 231, (4th Cir. 1999) ("delay must be accompanied by prejudice, bad faith, or futility") (citing Johnson v. Orowheat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). "[P]rejudice resulting to the opponent by a grant of leave to amend is reason sufficient to deny [an] amendment. Conversely, absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." Davis, 615 F.2d at 613 (internal citations omitted).

3

Plaintiffs' original complaint was filed on August 27, 2019, a First Amended Complaint was filed on October 7, 2019 and a Second Amended Complaint was filed on December 20, 2019. Docs. 1, 14 & 40.

On January 2, 2020, a Pretrial Order and Case Management Plan ("Pretrial Order") was entered. Doc. 43. The Pretrial Order established an expert designation deadline of March 4, 2020 for Plaintiffs, an expert designation deadline of April 6, 2020 for Defendants, and a September 9, 2020 deadline for the completion of court-enforced discovery. The parties' expert deadlines were later extended to May 1, 2020 (Plaintiffs) and June 1, 2020 (Defendants). See Docs. 48-50.

Information the parties have provided in connection with the Motion to Amend further indicates as follows:

- Plaintiffs served an expert witness disclosure on April 30, 2020 and an amended expert disclosure on May 5, 2020. The amended disclosure indicated that Plaintiffs' designated expert, Major William Munday (retired) of the North Carolina State Highway Patrol, would testify, among other things, that Defendants violated Buncombe County Sheriff's Office policy regarding searches, including by failing to have justification to conduct a strip search of Plaintiff Hyatt.
- On June 1, 2020, Plaintiffs' counsel realized they were in the possession of a handwritten statement by Plaintiff Hyatt concerning

4

the events in question ("Statement"). Plaintiff's counsel provided the Statement to defense counsel the same day.

- On June 8, 2020, Plaintiffs' counsel sent the Statement to Plaintiffs' designated expert, Major Munday, who indicated he was prepared to provide expert testimony based on his review of the case, including the Statement, that Plaintiff Hyatt had been subjected to an unreasonable sexually invasive search.

- On June 9, 2020, defense counsel was made aware that Plaintiff Hyatt intended to file the Motion to Amend.

- Plaintiff Hyatt was deposed on June 16, 2020, at which time he was questioned regarding the allegedly sexually invasive search.

- Plaintiff Barrett's deposition was taken on June 26, 2020 and she was also questioned about the search of Plaintiff Hyatt.

- Plaintiff's expert was scheduled to give a deposition on July 28, 2020 and Defendants' expert is scheduled to be deposed on August 11, 2020.

There has clearly been a delay in the production of the Statement by Plaintiff – facsimile information appearing at the top of the Statement indicates that the document was received by Plaintiffs' counsel on April 3, 2018. See Doc. 51-1, p. 16. No explanation has been provided as to why Plaintiffs' counsel did not "realize[] that they were in possession" of the Statement until June 1, 2020. Id., p. 5. However, Defendants do not appear to

5

claim that the Motion to Amend is made in bad faith and evidence of bad faith does not appear in the current record.

Further, the undersigned is not persuaded that there will be sufficient prejudice to Defendants to justify denial of the Motion to Amend. The Second Amended Complaint, which was filed on December 20, 2019, included references to the strip search of Plaintiff Hyatt, <u>see</u> Doc. 40 at ¶¶ 24, 26, 29, 52 & 69, Plaintiffs' amended expert disclosure indicated that Plaintiff's expert would testify regarding the strip search, the Statement was provided to defense counsel prior to the first deposition that was taken, which was that of Plaintiff Hyatt, such that Defendants had an opportunity to question Plaintiff Hyatt, and subsequently Plaintiff Barrett, about the Statement and/or strip search. In addition, though Defendants learned of the Statement and Plaintiff Hyatt's desire to assert the new claim after the deadline for Defendants to designate their experts, this information was provided in advance of the deposition of either Plaintiffs' expert or Defendants' expert. Finally, as noted, the discovery deadline in this matter is September 9, 2020.

6

Case 1:19-cv-00250-MR-WCM   Document 57   Filed 08/06/20   Page 6 of 7

**IT IS THEREFORE ORDERED THAT** Plaintiff Marcus Hyatt's Motion to Amend the Second Complaint (Doc. 51) is **GRANTED,** and Plaintiffs are **DIRECTED** to file the Third Amended Complaint within five (5) days of this Order.

Signed: August 6, 2020

*W. Carleton Metcalf*
W. Carleton Metcalf
United States Magistrate Judge