IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 250 MR WCM

| | |
|---|---|
| MARCUS HYATT and ASHLEY BARRETT, <br><br> Plaintiffs, <br><br> v. <br><br> QUENTIN MILLER, in his official capacity as Buncombe County Sheriff; WESTERN SURETY COMPANY; J.D. LAMBERT, individually and officially; JEFF MAY, individually and officially; and KATHERINE LEWIS, individually and officially, <br><br> Defendants. | ORDER |

This matter is before the Court on Defendants' Motion to Strike (the "Motion to Strike," Doc. 59). The Motion to Strike has been fully briefed, see Docs. 60, 61, 62, and a hearing on the Motion was held on September 25, 2020. The undersigned issued an oral order on the Motion at the conclusion of the hearing. This Order memorializes that ruling.

I. Relevant Background

This action arises out of separate traffic stops, searches, and/or detentions of Plaintiffs on January 20, 2018 by Defendants Lambert, May, and

1

Lewis, who are Buncombe County Sheriff's Deputies. Plaintiffs allege multiple state and federal claims in connection with those interactions.

Plaintiffs' original complaint was filed on August 27, 2019, a First Amended Complaint was filed on October 7, 2019 and a Second Amended Complaint was filed on December 20, 2019. Docs. 1, 14 & 40.

On June 12, 2020, Plaintiffs filed a Motion to Amend (Doc. 51). A proposed Third Amended Complaint ("Proposed Third Amended Complaint") was incorporated by reference into that Motion, which stated that the third claim for relief was "the substantive difference between the Second Amended Complaint and the proposed Third Amended Complaint." Doc. 51, pp. 2; 5-19.

Over Defendants' objection, the undersigned granted the Motion to Amend on August 6, 2020. Doc. 57.

On August 7, 2020, Plaintiffs filed a Third Amended Complaint. Doc. 58. This document, however, was not the Proposed Amended Complaint.

Defendants filed the instant Motion to Strike on August 27, 2020. Doc. 59.

## II. Discussion

The as-filed Third Amended Complaint differs in numerous ways from the Proposed Third Amended Complaint. For example, Plaintiffs allege in the as-filed Third Amended Complaint that a gun or taser was drawn during the search of Plaintiff Hyatt. <u>Compare</u> Proposed Third Amended Complaint, Doc.

2

51, p. 8, ¶ 29 ("Plaintiff Hyatt and Mr. Pickens were subjected to strip searches in an unsanitary, unreasonable and outrageous conditions such that would shock the common understanding of decency.") with Third Amended Complaint, Doc. 58, ¶ 29 ("Plaintiff Hyatt and Mr. Pickens were subjected to sexually invasive searches, including a visual body cavity search, in an unsanitary, unreasonable and outrageous conditions such that would shock the common understanding of decency, and Plaintiff Hyatt furthers alleges that during the sexually invasive search in the Fastop bathroom, either Deputy May or Deputy Lambert had a weapon (a gun or a taser) out of its holster and Plaintiff Hyatt felt the show of said weapon was done to intimidate him."). Additionally, the as-filed Third Amended Complaint revises Plaintiff Barrett's allegation regarding the extent of her consent to a search. Compare Doc. 51, p. 9, ¶ 25 ("Ultimately, Barrett consented to a search of the vehicle and of the House.") with Doc. 58, ¶ 35 ("Ultimately, Barrett consented to a search of the House.").

Defendants request that the as-filed Third Amended Complaint be stricken and that they be awarded attorneys' fees in connection with the Motion to Strike.

In opposition, Plaintiffs argue that they filed a complaint that was different from the Proposed Third Amended Complaint in order to conform their pleading to additional facts that had been disclosed during Plaintiffs'

3

depositions in mid-late June 2020. For example, Plaintiffs assert that Plaintiff Hyatt's June 2020 deposition was the "first time Plaintiff Hyatt had disclosed" information about the use of a gun or taser during the search "to anyone – including to his own legal counsel," that both Plaintiffs "clarified" their allegations during their June depositions, including the scope of Plaintiff Barrett's consent, and that the as-filed Third Amended Complaint reflects "the overriding need to file only truthful allegations in a pleading." Doc. 61, pp. 3, 5 & 8.

During the hearing, Plaintiffs also argued that they "interpreted" the Court's August 6, 2020 Order to allow them to file a revised/different complaint but that, even if they were mistaken in that regard, the Court should nonetheless allow the as-filed Third Amended Complaint to stand because Defendants had an opportunity to discuss the new allegations during Plaintiffs' depositions.

Plaintiffs were not able to file a third amended complaint as a matter of right but instead were required to obtain either Defendants' written consent or leave of court. F.R.C.P. 15(a)(2). In seeking such leave, they properly submitted the Proposed Third Amended Complaint.[1]

---

[1] Although Plaintiffs argue that neither the Federal Rules of Civil Procedure nor this district's local civil rules required them to submit a proposed pleading, Plaintiffs did file a proposed complaint, and the Court did consider, and rely upon, that proposed complaint when determining whether to grant their Motion to Amend. See Spivey

The August 6, 2020 Order allowing Plaintiffs' Motion to Amend clearly granted Plaintiffs leave "to file the Third Amended Complaint" (that is, the Proposed Third Amended Complaint) which Plaintiffs had submitted with their Motion to Amend, and the undersigned fails to see how it could have been interpreted otherwise. Plaintiffs were not given leave to file *any* amended complaint; they were given leave to file the Proposed Third Amended Complaint. See Bogdan v. Housing Authority of the City of Winston-Salem, No. 1:05cv568, 2006 WL 3848693 at * 3 (M.D.N.C. Dec. 29, 2006) ("Though the court granted the motion for leave, it did not give Plaintiff permission 'to file any old amended complaint that it wished to file—it had permission to file its Proposed Complaint.'") (quoting Dover Steel Co. v. Hartford Accident & Indem. Co., 151 F.R.D. 570, 574 (D.Pa.1993)).

Further, while Plaintiffs' desire to ensure that their operative pleading accurately reflects the underlying facts, including the desire to remove factual allegations that were not subsequently supported by deposition testimony, is

---

Family Ltd Partnership of Orlando v. Spivey, No. 4:16-cv-3311-RBH, 2017 WL 6034430, at * 1 (D.S.C. Dec. 6, 2017) ("When a plaintiff requests leave to amend, the general practice is for the plaintiff to attach the proposed amended pleading to the motion so that the court can adequately assess whether leave to amend should be granted.") (citing 6 Wright, Miller & Kane, Federal Practice and Procedure—Civil § 1485 (3d ed.)).

5

appreciated, attempting to amend their pleadings unilaterally, and without notice, was not the proper way to go about it.[2]

Whether Plaintiffs should now be allowed to file a Fourth Amended Complaint based on the information developed during Plaintiffs' depositions is a separate question that is not presently before the Court; no motion has been filed in that regard by Plaintiffs and it is not clear whether counsel for the parties have discussed that issue. See FRCP 15(a)(2) (amendment may be allowed "with the opposing party's written consent *or* the court's leave") (emphasis added).

The undersigned therefore will grant Defendants' Motion to Strike. See Costanzo v. Synovus Financial Corp., No. 1:10cv275, 2012 WL 1964417, at * 1 (W.D.N.C. May 31, 2012) (striking amended complaint that was "significantly different" from the proposed amended complaint).

Finally, Defendants also move for an award of costs and attorneys' fees "necessitated by the undisclosed differences between the Proposed and Actual Amendments, the preparation of these pleadings and any further pleadings

---

[2] The information before the Court indicates that the new or clarified factual information was disclosed during deposition testimony in June 2020 while the Motion to Amend was pending. However, Plaintiffs' desire to change their Proposed Third Amended Complaint to conform to that additional evidence was not communicated in Plaintiffs' Reply in support of their Motion to Amend. Likewise, a subsequent Motion to Amend was not filed, nor was defense counsel even consulted before the as-filed Third Amended Complaint was submitted. In addition, after that document was filed and the unauthorized changes noted by defense counsel, Plaintiffs refused to withdraw their filing and to submit the Proposed Third Amended Complaint.

6

which may be appropriate." Doc. 59, p. 4. However, as Defendants have not provided specific legal authorities upon which an award of fees and costs may be based in this circumstance, Defendants' request for fees and costs will be denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike (Doc. 59) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Third Amended Complaint (Doc. 58) is **STRICKEN**.
2. Plaintiffs are **DIRECTED** to file, within two days of this Order, the Third Amended Complaint for which they were originally granted leave (i.e., the Proposed Third Amended Complaint, Doc. 51, pp. 5-19).
3. Defendants' request for an award of fees and costs is **DENIED**.

Signed: September 25, 2020

W. Carleton Metcalf
United States Magistrate Judge